PEATROSS, J.
|2S.T. appeals from a trial court judgment terminating her parental rights to her child, J.T. The State of Louisiana and the Department of Children and Family Services appeal from the portion of the trial court judgment declining to terminate the parental rights of the child’s father, J.C. For the reasons stated herein, we affirm.

FACTS

In December 2008, J.T. was born, and shortly thereafter, placed into the custody *1017 of the State of Louisiana, Department of Social Services, Office of Community Services (currently, Department of Children and Family Services) (“DCFS”). Both of J.T.’s parents were incarcerated at the time of his birth. In March 2009, the child was adjudicated a child in need of care and was continued in the custody of DCFS, but was physically placed in the home of his paternal aunt, L.C.
J.T.’s mother, S.T., whose parental rights to two other children have been terminated, was ordered to complete a case plan when she was released from prison with the goal of reunification with the child. J.T.’s father, J.C., who is incarcerated, was also ordered to participate in a case plan. J.C. is scheduled to be released from prison in February 2011. During the period of time in which his parents were ordered to complete the aforementioned case plans, J.T. was removed from his paternal aunt’s home and placed in, and then removed from, several different foster homes until he was ultimately placed in foster care with the Pittman family, where he currently remains.
In early May 2010, at a case plan review/permanency hearing, DCFS changed the goal for J.T. from reunification with his biological parents to adoption. DCFS filed a petition for the termination of the parental rights of both parents shortly thereafter. A trial was held in the matter in September 2010. As previously stated, the trial judge terminated the parental rights of the child’s mother, S.T., but did not terminate the parental rights of the father, J.C. In his written judgment, the trial judge stated that the father had been incarcerated during the majority of the child’s life and should be given an opportunity to “remediate on his release from prison” in February 2011.
IsS.T. appeals the portion of the trial judge’s ruling terminating her parental rights. The State and DCFS appeal the portion of the trial judge’s ruling declining to terminate the parental rights of J.C.

DISCUSSION

A. Termination of Parental Rights of Mother
In her sole assignment of error, S.T. argues that the trial judge manifestly erred when he terminated her parental rights after finding that the requirements of La. Ch. C. art. 1021 had been met. According to S.T., she was absent from trial because she did not receive proper service of process giving her notice of trial and her trial counsel was denied a continuance to secure her presence. As a result, S.T. argues that the trial court judgment terminating her parental rights should be vacated and the matter remanded.
La. Ch. C. art. 1021 provides:
If a parent against whom a proceeding is instituted resides within the state, service of citation shall be made either personally or by domiciliary service not less than five days prior to commencement of the hearing on the matter.
A review of the record reveals that the citation and service of the petition for involuntary termination of parental rights was served on S.T., via domiciliary service, on June 2, 2010, as indicated by the sheriffs return which has been supplemented into the record. S.T. did not personally attend the hearing in answer; however, she appeared through her attorney of record and entered a general denial to the petition without making objection as to service and citation of the petition. When trial of the matter was ultimately set for September 8, 2010, S.T. received citation and service of the trial date via personal service on August 5, 2010, as indicated by the sheriffs return which has been supplemented into the record. S.T. had more *1018 than a month’s notice prior to trial and simply failed to attend.
Given these circumstances, we see no error in the trial judge’s decision to deny the continuance requested by S.T.’s counsel on the day of the trial in order to secure S.T.’s presence. Further, we find that S.T. received adequate citation and service of process for all relevant proceedings in this matter in accordance with La. Ch. C. art. 1021.
This assignment of error is without merit.
B. Termination of Parental Rights of Father
IJDCFS alleges in its three assignments of error that the trial judge erred in declining to terminate the parental rights of J.T.’s father, J.C. The State fully adopts all arguments briefed by DCFS on behalf of the child.
In support of its position, DCFS first asserts that J.C. has failed to substantially comply with his court-ordered case plan and that there is no reasonable expectation of significant improvement in his conduct in the near future. Accordingly, the statutory requirements for termination of J.C.’s parental rights under La. Ch. C. art. 1015(5) have been met. Second, DCFS points out that J.C.’s prison sentence, which is in excess of five years, has rendered him incapable of caring for or supporting J.T. and has prevented him from ever providing a plan of care for the child. Thus, the statutory requirements for termination of parental rights under La. Ch. C. art. 1015(6) have also been met. See also La. Ch. C. art. 1036(E). Finally, DCFS contends that, in accordance with La. Ch. C. art. 1037(B), it is in J.T.’s best interests that J.C.’s parental rights are terminated so that J.T. will be freed for adoption by his foster family, the Pitt-mans.
In response, J.C. argues that the trial judge did not manifestly err in declining to terminate his parental rights at this time, thereby allowing him an opportunity to “remediate” and complete a case plan with J.T. after he is released from prison in February 2011. We agree.
Children whose parents are unwilling or unable to provide adequate safety and care to meet their needs are protected by Title X of the Louisiana Children’s Code which provides a judicial process for the termination of parental rights and for certifying the child for adoption. La. Ch. C. art. 1001; State ex rel. A.R.H. v. Hines, 35,800 (La.App.2d Cir.2/27/02), 810 So.2d 1166.
In termination proceedings, courts must balance the two private interests of the child and the parents. State ex rel. A.R.H. v. Hines, supra. It is well established that a parent has a constitutionally protected liberty interest in establishing and maintaining a meaningful relationship with his or her children. State in Interest of A.C., 93-1125 (La.1/27/94), 643 So.2d 719; State ex rel. B.H. v. A.H., 42,864 (La.App.2d Cir.10/24/07), 968 So.2d 881. The child has a profound interest, often at odds with those of his parents, in terminating parental rights that prevent adoption and inhibit | ^establishing stable, long-term relationships found in a home with proper parental care. State ex rel. G.J.L., 00-3278 (La.6/29/01), 791 So.2d 80; State ex rel. A.R.H. v. Hines, supra.
In balancing these interests, the courts of this state have consistently found the interest of the child to be paramount over that of the parent. State ex rel. G.J.L., supra; State ex rel. C.M.M. v. T.P.M., 42,238 (La.App.2d Cir.5/9/07), 957 So.2d 330; State ex rel. M.H. v. K.W.H., 40,332 (La.App.2d Cir.9/23/05), 912 So.2d 88; State ex rel. A.R.H. v. Hines, supra. *1019 In all proceedings, when a ground justifying termination of parental rights is proven, the primary concern is to secure the best interest of the child. State ex rel. G.J.L., supra; State ex rel. A.R.H. v. Hines, supra. The focus of an involuntary termination proceeding is not whether the parent should be deprived of custody, but whether it would be in the best interest of the child for all legal relations with the parents to be terminated. State ex rel. A.R.H. v. Hines, supra; State ex rel. R.C. v. Everett, 35,749 (La.App.2d Cir.1/23/02), 805 So.2d 1205.
Termination of parental rights is a severe and final action, so the state must satisfy an onerous burden of proof in order to terminate these rights. State ex rel. B.H. v. A.H., supra. The state bears the burden of establishing each element of a ground for termination of parental rights by clear and convincing evidence. La. Ch. C. art. 1035(A); Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); State ex rel. C.M.M. v. T.P.M., supra. Although there are several statutory grounds for involuntary termination of parental rights set forth in La. Ch. C. art. 1015, only one ground need be established. State ex rel. S.N.W. v. Mitchell, 01-2128 (La.11/28/01), 800 So.2d 809; State ex rel. B.H. v. A.H., supra.
When the trial court finds that the alleged grounds set out in any paragraph of La. Ch. C. art. 1015 are proven by the evidentiary standards required by La. Ch. C. art. 1035, and that it is in the best interests of the child, it shall order the termination of the parental rights of the parent against whom the allegations are proven. See La. Ch. C. arts. 1015, 1035, 1037(B) & 1039; State ex rel. C.M.M. v. T.P.M., supra; State ex rel. C.E.C. v. D.M.D.B., 40,409 (La.App.2d Cir.9/28/05), 912 So.2d 418. The | (¡consideration of the best interests of the child shall include consideration of the child’s attachment to his current caretakers. See La. Ch. C. art. 1037(B).
In termination of parental rights cases, the trial court’s factual findings will not be set aside in the absence of manifest error. State ex rel. B.H. v. AH., supra; State, Dept. of Social Services ex rel. D.L.F. v. Phillips, 34,645 (La.App.2d Cir.4/4/01), 785 So.2d 155; State in Interest of S.D. v. Moore, 31,192 (La.App.2d Cir.8/19/98), 717 So.2d 265; State in Interest of K.L.B. v. Biggs, 29,512 (La.App.2d Cir.2/28/97), 690 So.2d 965.
La. Ch. C. art. 1015 provides in pertinent part:
The grounds for termination of parental rights are:
[[Image here]]
(5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the child’s age and his need for a safe, stable, and permanent home.
(6) The child is in the custody of the department pursuant to a court order or placement by the parent; the parent has been convicted and sentenced to a period of incarceration of such duration that the parent will not be able to care for the child for an extended period of time, considering the child’s age and his need for a safe, stable, and permanent home; and despite notice by the department, *1020 the parent has refused or failed to provide a reasonable plan for the appropriate care of the child other than foster care.
A sentence of at least five years of imprisonment raises a presumption of the parent’s inability to care for the child for an extended period of time, although incarceration of a parent shall not in and of itself be sufficient to deprive a parent of his parental rights. See La. Ch. C. art. 1036(E).
J.C. was incarcerated before J.T. was born. J.C. was given a case plan to complete while in prison, but he was not successful in doing so. J.C. states that he will begin working his case plan once he is released from prison in February 2011. While it is true that J.C. did not work any part of his case plan while he was incarcerated, there is no evidence in the record |7that any programs or services to complete the case plan were ever made available to J.C. while he was in prison. Additionally, while the Children’s Code provides that a sentence of at least five years raises a presumption of the parent’s inability to care for the child for an extended period of time, we note that J.C. was incarcerated prior to the J.T.’s birth and, further, that J.T. will only be two years old when his father is released from incarceration.
Considering these circumstances, we see no manifest error in the trial judge’s ruling declining to terminate J.C.’s parental rights so that he may be afforded an opportunity to complete a case plan with J.T. once he is released from prison.

CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court terminating the parental rights of S.T. and, further, declining to terminate the parental rights of J.C. Costs of this appeal are assessed equally to S.T. and to the Department of Children and Family Services. The total amount to be paid by the Department of Children and Family Services is $1,536.75.
AFFIRMED.

Per Curiam

Before WILLIAMS, GASKINS & PEATROSS, JJ.
PER CURIAM.
In the recently rendered majority opinion of this court, the State of Louisiana through the Department of Children and Family Services (“DCFS”) was incorrectly referred to as an appellant. DCFS did not file an appeal in this case and is not an appellant. Further, the portion of the opinion assessing costs to be paid by DCFS in the amount of $1,536.75 is deleted. The remainder of the opinion is unchanged.